(No. 2178—

ROSE GABRIEL, WIDOW OF ANGELO GABRIEL, DECEASED, AND MOTHER OF FRANCES, ANTHONY, GENEVIEVE AND ANGELO GABRIEL, MINOR CHILDREN OF SAID DECEASED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

*Rehearing allowed January 9, 1935.*

S. E. PIANCENTI AND HENRY POLLENZ, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Under the stipulation of facts herein, it appears that Angelo Gabriel was an employee on May 19, 1932, of the Division of Highways, Department of Public Works and Buildings, of the State of Illinois, and was employed in the Maintenance Department as a helper on S. B. I. Route No. 49; that while engaged on said date in pouring asphalt on said highway, he was hit by an automobile then being operated over said highway by one Joseph O. Smith, of Manteno, Illinois; that he thereby sustained injuries which necessitated his removal to St. James Hospital at Chicago Heights, and which resulted in his death on July 10, 1932. It further appears that he was paid at the rate of fifty cents (50c) per hour for nine hours a day and five and one-half (5½) days per week; his wage being approximately $24.75 per week or an average annual wage of Twelve Hundred Eighty-seven Dollars ($1,287.00).

Rose Gabriel, widow of the deceased was appointed administratrix of his estate. Deceased left surviving besides the widow, four minor children, all of whom are under sixteen years of age and residing with the mother.

A suit was instituted against Joseph O. Smith by the administratrix and a settlement was made with the defendant's insurance company on December 24, 1932, for the sum of Four Thousand Eight Hundred Dollars ($4,800.00).

Claimant contends for herself and on behalf of the said children that as decedent's annual earnings were $1,287.00 they are entitled to receive compensation of four times that amount with the $4,000.00 maximum increased to $5,500.00 because of the four minor children; deducting therefrom, however, the amount of $4,800.00 above mentioned and with a further deduction of $115.75 paid to Angelo Gabriel after the accident and before his death, making a demand of $584.25.

The claim is made under the Workmen's Compensation Act and the Attorney General does not take issue with the claimant either as to facts or law, admitting the liability of

the State upon the foregoing basis. The court must determine the correct amount of the award under Section 7, Paragraphs A, (h)1, (h)2 and (h)3, W. C. A. i. e. when four times the annual wages is less than the increased maximum, should such maximum be awarded, or only an amount equal to four times the annual wages.

Under the recent decision of the Supreme Court of Illinois in *Moweaqua Coal Company* vs. *Industrial Commission*, (June Term, 1934), it is held that in a case where the maximum amount of $4,000.00 is provided and there are three or more children under the age of sixteen years at the time of the death of the employee, the amount is not arbitrarily raised to $5,500.00 but the proper amount is the actual amount of four times the annual average earnings, but not more than $5,500.00.

In the present case the annual earnings are shown to be $1,287.00. Four times that amount is $5,148.00. Deducting the amount already received from the State, i. e., $115.75, and the sum received from Joseph O. Smith, i. e., $4,800.00, leaves a balance due claimant of $232.25.

It appears that the State has paid all the regular hospital and medical accounts. The claimant has properly stated the subrogation rights of the State, and an award is therefore allowed to Rose Gabriel for herself and the support of said children for the balance due of $232.25.

OPINION ON REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:

A petition for rehearing having been heretofore granted on January 9, 1935, and the above cause now again coming before the court upon the petition of claimant to affirm the original award, and the same having been considered, the court finds that the opinion heretofore filed on December 11, 1934, is in accord with the law and the facts. Said original opinion is hereby reaffirmed and an award is entered in favor of plaintiff, Rose Gabriel, for herself and the support of her minor children for the balance shown to be due her in the premises in the sum of Two Hundred Thirty-two and 25/100 Dollars ($232.25).